UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BARRY SECKLER )
 )
v. ) NO. 2:04-CV-314
 )
WAYNE ANDERSON, Sheriff, )

**MEMORANDUM and ORDER**

Barry Seckler, a state prisoner in the Sullivan County jail, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983.[1] The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[2] Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly

---

[1] The plaintiff has notified the Court that he has been transferred to a facility in Lauderdale County. Since he is no longer housed in the Sullivan County jail and, logically, could not benefit from any injunctive relief with respect to conditions in that jail, his claims for this type of relief have become moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

[2] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

    deposits to the plaintiff's' inmate trust account;
    or
(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[3] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined in this memorandum.

In the complaint, the plaintiff asserts that his constitutional rights have been violated, in that:

1) he has not been transferred to the TDOC as ordered by the court;

---

[3] Send the payments to:
    Clerk, USDC
    220 West Depot Street, Suite 220
    Greeneville, TN 37743

2

2) he has been denied self-improvement programs, such as AA, DA, or GED classes;

3) he has been denied physical exercise; exercise is limited to as little as 1 to 2 hours per week;

4) he is being denied access to an updated law library;

5) he is being denied contact visits;

6) he is subject to being strip searched under a camera, and his sleeping area is being searched outside of his presence;

7) he is not being paid for work and is forced to sit on the floor while eating; and

8) he was forced to sleep on the floor the first month he was incarcerated.

The above conditions and events, according to the plaintiff, violated his due process and equal protection rights, as secured in the Fourteenth and Fifth Amendment, and, perhaps, other constitutional rights.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, however, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his administrative remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including

3

general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In this case, the plaintiff maintains, in section II of his form complaint, that the Sullivan County jail has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he "was told [they were] not grieveable."

The plaintiff, however, does not identify the person who informed him that his complaints could not be offered in a grievance, nor allege the date he was so informed, nor any of the circumstances surrounding the conveying of the information that the institutional grievance system, in effect, had a flat rule against the types of complaints raised here as federal claims. Particularized averments concerning exhaustion are required; general allegations about the matter, such as the ones offered here, are insufficient to satisfy the statutory requirements in § 1997e. *See, e.g., Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

4

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

ENTER:

       s/Thomas Gray Hull
      THOMAS GRAY HULL
        SENIOR U. S. DISTRICT JUDGE